**THE LAW OFFICE OF WILTON A. PERSON**
**24330 LESKI LANE**
**PLAINFIELD, IL 60585**
**TELEPHONE (815) 254-2467**
**FACSIMILE (630) 318-7625**
www.personlaw.com

E-MAIL ADDRESS:  wperson@personlaw.com

Via ECF and E-mail to scc.chambers@nysb.uscourts.gov

August 31, 2021

Honorable Shelly C. Chapman, United States Bankruptcy Judge
United States Bankruptcy Court, Southern District of New York
One Bowling Green
New York, New York 10004-1408

Chapter 11 Case No. 08-13555 (SCC) Adv. Proc. No. 21-01066; Lehman Brothers Holdings, Inc. v. Smart Mortgage Centers, Inc.

Re: Request for Conference regarding Stay of Discovery and Mediation

Dear Judge Chapman:

My firm represents Smart Mortgage Centers, Inc., hereafter "Smart Mortgage" in the above referenced matter. Smart Mortgage Centers filed an amended motion to dismiss for lack of subject matter jurisdiction and asserting that Plaintiff Lehman Brothers Holdings, Inc, hereafter "LBHI" lacks standing to seek contractual indemnification in connection with LBHI's settlement with certain RMBS Trustees ("RMBS Claims").

Despite Smart Mortgage's potentially dispositive motion to dismiss, Plaintiff has sought to push Smart Mortgage into a mediation that would cost both parties $15,000. Further, Plaintiff has issued written discovery that will undoubtedly result in significant expenses and an undue burden to Smart Mortgage. These expenses could be avoided if Smart Mortgage's motion to dismiss is granted. Most importantly, there is no prejudice to Plaintiff if both discovery and the mediation are stayed.

Where a motion to dismiss argues that the plaintiff lacks standing, as argued in the pending motion in this case, a stay may be granted because resolution of the motion to dismiss would dispose of Smart Mortgage case with respect to both the RMBS loans at issue. See *Haha Global, Inc. v. Barclays*, No. 1:19-cv-04749, 2020 WL 832341, *1 (S.D.N.Y. Feb. 20, 2020).

Article III standing, which is the standing challenged in the motion to dismiss, as opposed to statutory standing, "ordinarily should be determined before reaching the merits." *Coan v. Kaufman*, 457 F.3d 250, 256 (2d Cir. 2006).

In light of the dispositive nature of the standing question raised in Smart Mortgage's pending amending motion to dismiss, it seems reasonable that discovery and the mediation be stayed until such time that the Court rules on Smart Mortgage's amended motion to dismiss.

Sincerely,

*Wilton A. Person*

Wilton A. Person
Attorney for Defendant Smart Mortgage Centers, Inc.

Cc: Adam Bialek via ABialek@wmd-law.com
   Brant Kuehn via BKuehn@wmd-law.com
   Scott Ferrier via SFerrier@wmd-law.com
   Christopher Lucht via CLucht@wmd-law.com
   Josh Slocum via JSlocum@wmd-law.com
   Antonio Guzman via AGuzman@wmd-law.com>,
   Alexandra Spina via ASpina@wmd-law.com
   Joseph Pacelli via JPacelli@wmd-law.com
   Monique Arrington via MArrington@wmd-law.com
   William Maher via wmaher@wmd-law.com