**WOLLMUTH MAHER & DEUTSCH LLP**

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

February 1, 2022

VIA ECF/E-MAIL

The Honorable Shelley C. Chapman, U.S.B.J.
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Lehman Brothers Holdings Inc. v. Smart Mortgage Centers, Inc.*,
Adv. Pro. No. 21-01066

Dear Judge Chapman:

We represent Lehman Brothers Holdings Inc. (the "Plan Administrator") and write in response to Smart Mortgage Centers, Inc.'s ("Smart Mortgage") letter, dated August 31, 2021, requesting that discovery and court ordered mediation be stayed until its pending motion to dismiss ("Motion") is decided (Adv. Pro. No. 21-01066) [Dkt. No. 16] (the "Stay Letter"). The Plan Administrator respectfully seeks denial of the letter request and an order requiring Smart Mortgage to (i) comply with the ADR Order and (ii) continue with discovery.

*Background*

On August 12, 2021, the Plan Administrator served Requests for Production of Documents on Smart Mortgage. Under Federal Rules of Civil Procedure 26 and 34, as incorporated by Federal Rules of Bankruptcy Procedure 7026 and 7034, and the Local Rules of this Court, Smart Mortgage had 30 days from service to respond to the Requests, meaning that the deadline to respond was September 11, 2021. No extension on the deadline to respond was granted or imposed by either the Plaintiff or the Court, respectively. Instead, Smart Mortgage filed the Stay Letter.

On March 2, 2020, the Plan Administrator served an ADR Notice on Smart Mortgage and on September 10, 2021, the parties had a pre-mediation call with the mediator. Mediation proceedings have not moved any further.

*The Court Should Order Smart Mortgage to Mediate While Its Motion is Pending*

This Court should not stay the ADR Order as to Smart Mortgage and should order Smart Mortgage mediate with the Plan Administrator. The Court-ordered ADR Procedures have been

The Honorable Shelley C. Chapman, U.S.B.J.
February 1, 2022
Page 2 of 3

wildly successful.  The Plan Administrator has successfully resolved over 95.5% of the number of active cases representing over 97.4% of the damages sought.  Smart Mortgage waives no defenses in participating in the mediation.  Smart Mortgage's participation in mediation would not violate Smart Mortgage's right to due process because the mediation is non-binding, and the ADR Order explicitly states that the Seller/Defendant cannot be forced to accept any specific settlement or compromise.  Judicial resources, as well as the resources of the Plan Administrator and most defendants, have been conserved through the good-faith efforts of the Plan Administrator and the vast majority of defendants to come together and settle similar litigations.

*Discovery Should Continue*

When determining whether to stay discovery during the pendency of a motion to dismiss, courts consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turk. v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). Smart Mortgage's request should be denied because the Stay Letter fails to show these factors favor a stay.

*First*, Smart Mortgage's Stay Letter failed to demonstrate the strength of the Motion forming the basis of the request for stay.  The Motion seeks dismissal of the RMBS Complaints, asserting lack of standing and lack of subject matter jurisdiction.  As set forth in the Plan Administrator's opposition, the Motion should be denied because the Plan Administrator has standing, and this Court has subject matter jurisdiction.

*Second*, at this stage of discovery, the Plan Administrator only seeks document production.  Based upon the Plan Administrator's experience, document production which will help educate the parties about their claims and defenses and may cause a quicker resolution.  Indeed, in the coordinated indemnification cases, all but one defendant that filed a similar motion to dismiss resolved their case during document production.  There is little burden on Smart Mortgage to participate in document discovery.

*Finally*, assuming *arguendo*, that the Court concluded that it does not have subject matter jurisdiction over Smart Mortgage, the Plan Administrator would simply re-file this lawsuit in another jurisdiction and conduct the same discovery.  Smart Mortgage would not be alleviated of any burden to comply with discovery because the discovery would simply be taken in the later-filed action.  Only the Plan Administrator would be burdened by any delay in discovery.

The Plan Administrator respectfully asks the Court to instruct the parties to continue with mediation and discovery.  Entertaining Smart Mortgage's request for a stay would not be a productive use of the Court's time or the parties' resources.  Rather, the best use of the parties' time would be to focus on the hugely successful mediation protocol.

The Honorable Shelley C. Chapman, U.S.B.J.
February 1, 2022
Page 3 of 3

    Respectfully submitted,

    */s/ Adam M. Bialek*
    Adam M. Bialek

Cc: Counsel of Record